# Illinois Official Reports

## Appellate Court

***Bey v. Brown*, 2015 IL App (1st) 150263**

| | |
|---|---|
| Appellate Court Caption | CURTISS LLONG BEY, Plaintiff-Appellant, v. GEORGE BROWN, Defendant-Appellee. |
| District & No. | First District, Fifth Division<br>Docket No. 1-15-0263 |
| Filed | February 20, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiff sought judicial review of the Board of Election Commissioners' decision not to print his name on the ballot for alderman in a city election because he failed to file a "Statement of Economic Interests" and did not personally witness each person sign his petition sheets, the appellate court affirmed the trial court's dismissal of plaintiff's petition for judicial review pursuant to defendant's objection alleging that plaintiff did not comply with the Election Code requirement that the petition be filed by certified or registered mail and failed to name the commissioners in the petition. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-COEL-000003; the Hon. David A. Skryd, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Curtiss Llong Bey, of Chicago, appellant *pro se*.<br><br>Burton S. Odelson and Lauren B. Glennon, both of Odelson & Sterk, Ltd., of Evergreen Park, for appellee. |

| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion. |
| | Presiding Justice Palmer and Justice Reyes concurred in the judgment and opinion. |

**OPINION**

¶ 1 On January 5, 2015, the Chicago Board of Election Commissioners notified plaintiff Curtiss Llong Bey of its decision not to print his name on the February 24, 2015, ballot for alderman of the ninth ward of the City of Chicago. Plaintiff then filed a petition for review with the circuit court. On January 8, 2015, defendant George Brown objected to plaintiff's petition for judicial review on the basis that plaintiff: (1) failed to comply with the service provisions of section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2012)) requiring service by registered or certified mail; and (2) failed to name the Chicago Board of Election Commissioners (Electoral Board) in his petition for review.

¶ 2 On January 14, 2015, the circuit court dismissed the matter for lack of jurisdiction. For the following reasons, we agree and dismiss the appeal.

¶ 3                                   BACKGROUND
¶ 4                                I. The Election Board
¶ 5 Plaintiff Curtiss Llong Bey filed a nominating petition seeking to place his name on the February 24, 2015, ballot as a candidate for alderman of the ninth ward in the City of Chicago.

¶ 6 Defendant George Brown filed an "Objector's Petition" alleging: (1) that plaintiff failed to file a "Statement of Economic Interest"; and (2) that plaintiff signed each of 66 petition sheets containing approximately 900 signatures as a witness to those signatures and that plaintiff did not personally witness each and every person sign his or her name.

¶ 7 Plaintiff responded in a document dated December 16, 2014, that he had filed a "Statement of Economic Interest" and that his signatures were in order.

¶ 8 On January 5, 2015, the Electoral Board issued its "Findings and Decision," in which it stated that a hearing officer had held an evidentiary hearing on the issue of whether plaintiff had witnessed every signature. Plaintiff testified at the hearing, and the hearing officer "found that the Candidate's testimony that he witnessed all of the signatures that he swore to have witnessed was not credible and thus called into question the integrity of all of his petition sheets." Accordingly, the hearing officer found an appearance of fraud and ruled that the petition should be invalidated and the objections sustained.

¶ 9 The Electoral Board adopted the hearing officer's recommended findings and conclusions of law and ordered that plaintiff's name not be printed on the ballot for the general election to be held on February 24, 2015.

¶ 10 The last page of the Electoral Board's decision contains a "Notice," which appears in bold after the signatures of the three commissioners, and it reads in full:

"NOTICE: Pursuant to Section 10-10.1 of the Election Code (10 ILCS 5/10-10.1), a party aggrieved of this decision and seeking judicial review of this decision must file a petition for judicial review with the Clerk of the Circuit Court of Cook County within 5 days of service of the decision of the Electoral Board."

¶ 11 There was no dispute before the circuit court that plaintiff filed his subsequent petition within five days of service of the decision of the Electoral Board, as the above notice directed him to do. The issue was whether plaintiff acted fully "[p]ursuant to Section 10-10.1 of the Election Code" (10 ILCS 5/10-10.1 (West 2012)) as the notice also instructed. This statutory section is quoted in full in our Analysis section below.

¶ 12                                    II. The Circuit Court

¶ 13 On January 8, 2015, plaintiff filed a petition with the circuit court entitled "Candidate's Petition." Plaintiff asked for dismissal of the objector's petition on the grounds: (1) that the objector had failed to provide the required appendix sheet indicating the page and line upon which the protested signature appears; and (2) that the objector failed to attach the required exhibits showing an irregularity.

¶ 14 On January 8, plaintiff also filed with the circuit court a "Petition for Review of Administrative Action," a "Notice of Motion," and a "Notice of Motion and Emergency Motion." The "Notice of Motion" and the "Notice of Motion and Emergency Motion" each had sections entitled "Proof of Service by Mail" and "Proof of Service by Hand-Delivery."

¶ 15 The sections entitled "Proof of Service by Mail" state: "I, Curtiss Llong Bey, non-attorney certify that I served this notice by mailing a copy to: George Brown, Objector[,] 12413 South Wacker Ave[.,] Chicago, Illinois 60628[.] And depositing the same, with proper postage prepaid, in the U.S. Mail at: Mail Box 100th St. at King Dr." These sections do not state on what day this action was taken.

¶ 16 The section entitled "Proof of Service by Hand-Delivery" in the "Notice of Motion" lists only defendant.

¶ 17 The section entitled "Proof of Service by Hand-Delivery" in the "Notice of Motion and Emergency Motion" lists both the "Electoral Board" and defendant, and states that plaintiff both personally served them and mailed this notice to them by dropping it in a mailbox. Although there are blank spaces in this section for a date to be completed, the date sections are left blank. The section begins: "I, Curtiss Llong Bey, non-attorney[,] certify that on the ___ day of _____, 2015, I served this notice ***."

¶ 18 Plaintiff's "Emergency Motion" stated: "Specific references of 'objections' do not appear in the Objector's Petition; for there is no Appendix present, nor is [*sic*] there any examples of alleged signature irregularities, page or line."

¶ 19 On January 14, 2015, the circuit court entered a written order stating in full: "This matter having been heard is hereby dismissed for lack of jurisdiction; the Court hereby finding the Candidate failed to properly serve the parties by registered or certified mail and for failure to file proof of service with the Clerk of Court as required by statute."

¶ 20 On January 22, 2015, plaintiff filed in the circuit court an "Emergency Motion[:] Motion to Vacate Order to Dismiss[,] January 14, 2015." This motion reiterated what was stated in the prior "Emergency Motion," namely, that: "Specific references of 'objections' do not

appear in the Objector's Petition; for there is no Appendix present, nor is [*sic*] there any examples of alleged signature irregularities, page or line."

¶ 21 A "Notice of Motion," also filed January 22, states that service was made on defendant by depositing the motion in a mailbox and by fax. The notice does not list the Election Board.

¶ 22 A "Notice of Motion and Emergency Motion," also filed January 22, states: (1) that service was made to defendant by depositing the motion in a mailbox; (2) that service was made by hand-delivery on defendant and on his counsel, Luke J. Keller; and (3) that service was made "by certified mail[,] notice and motion sent the [*sic*] to the parties noted above." Below this line appears:

> "Certified Mail 0000 0000 0000 0000 0000 Return Receipt Requested {GEORGE BROWN}
> Certified Mail 0000 0000 0000 0000 0000 Return Receipt Requested {LUKE J. KELLER}"

The above seems to be a reference to a certified mail number but no number is filled in. In addition, there is not even a set of zeros for the Electoral Board.

¶ 23 The appellate record contains a black-and-white photocopy of three certified mail receipts with payment transaction slips. Two of the receipts and three of the slips are partially obscured because the documents appear to have been laid partially on top of one another when photocopied. The transaction slips are dated January 22, 2015, and the certified mail receipts are addressed to: (1) the Electoral Board; (2) Luke J. Keller; and (3) "Commissioner Rich" and "Chairman Langdon." The rest of the names on the third receipt are not visible.

¶ 24 On January 28, 2015, the circuit court issued a written order which stated in full: "This case having been on call and heard by this court; Candidate's motion to vacate the order to dismiss is hereby denied. This matter is off call."

¶ 25                                    III. The Appeal

¶ 26 On January 30, 2015, plaintiff filed a "Notice of Appeal" in the circuit court naming the January 28, 2015, order as the order being appealed.

¶ 27 In the appellate record, after the "Notice of Appeal," there appears to be another black-and-white photocopy of the January 22, 2015, certified receipts and transaction slips which, like the first photocopy, is partially obscured by overlapping documents.

¶ 28 After these black-and-white photocopies are three color photocopies of certified mail receipts. However, the fees sections and the postmark sections are blank, and the receipts are not dated. They are addressed to: (1) the Electoral Board; (2) Luke J. Keller; and (3) the Electoral Board commissioners, including Chairman Langdon D. Neal and Commissioners Richard A. Cowen and Marisel A. Hernandez.

¶ 29 The appellate record does not contain: (1) a "Statement of Economic Interests" by plaintiff; (2) the petition sheets that were the subject of the Electoral Board's decision; or (3) certified or registered mail receipts showing service on the Electoral Board or defendant on January 8, 2015, when plaintiff filed with the circuit court a "Petition for Review of Administrative Action."

¶ 30 The photocopies appear to show that certified mail receipts were not utilized until January 22, 2015, which was more than a week after the circuit court's January 14, 2015,

- 4 -

order dismissing the petition for lack of jurisdiction. The appellate record does not contain any original certified receipts.

¶ 31                                    IV. The Expedited Briefing

¶ 32      On January 30, 2015, plaintiff also filed an emergency *pro se* motion with the appellate court asking this court to vacate the trial court's order to dismiss. On February 5, 2015, plaintiff filed: (1) an emergency *pro se* motion asking the appellate court to rule on his election case, so that his name could be placed on the February 24, 2015, ballot; and (2) a *pro se* brief.

¶ 33      The *pro se* brief contains a photocopy of a "Statement of Economic Interests," file stamped by the Cook County clerk's office as received on October 8, 2014. All the responses in the statement are filled out with zeros or the word "none." This statement does not appear in the record on appeal.

¶ 34      The brief also contains three black-and-white photocopies of certified mail receipts addressed to: (1) the Electoral Board commissioners; (2) Luke J. Keller; and (3) the Electoral Board. The fees section and the postmark section are blank, and so is the section which is to be completed upon delivery. There is also no date.

¶ 35      Although the brief has a section entitled "Jurisdiction," it does not address the question of whether the trial court properly dismissed plaintiff's petition for lack of jurisdiction.

¶ 36      On February 6, 2015, the appellate court ruled that the emergency motion was premature and denied it. The appellate court further ordered that the "defendant-appellant" must either hire a lawyer or follow the applicable supreme court rules in prosecuting an appeal. The order further stated: "Appellant's motion to expedite appeal is granted. Appellee to file his brief by February 12, 2015. Reply brief due February 15, 2015."

¶ 37      Instead of filing a brief as ordered, defendant chose instead to file a "motion to dismiss appeal for lack of jurisdiction," with a sentence stating "[i]f this Motion is not granted, Defendant-Appellee respectfully requests [an additional] five days to file a Brief in support of the underlying decision." This motion flies in the face of our order directing an expedited briefing schedule. Appellate court orders are not advisory. Since the issue on appeal and the issue in the motion are one and the same, namely, jurisdiction, we will consider defendant's motion as his brief on appeal.

¶ 38      After defendant's motion, plaintiff filed a *pro se* reply brief which, like his initial brief, does not discuss the jurisdiction issue before us. The brief is captioned both a "Reply Brief" and a "Motion for Default Judgment," and it contains a page entitled "Proof of Service" for "the attached 'Motion for Default Judgment.' " The "Proof of Service" contains a section entitled "Proof of Service by Certified Mail" which names "Board Members, 8th Floor," "The Electoral Board, 6th Fl," and "Atty. Luke J. Keller." Attached to the proof is a color photocopy of three "Return Receipt[s]" and the sections entitled "Complete the Section on Delivery" are blank.

¶ 39                                        ANALYSIS

¶ 40      The only issue before us is jurisdiction. Even if we found jurisdiction, we could not then consider the underlying substantive issues, which concerned the candidate's nominating sheets and statement of economic interests, since those documents are not in the record on

appeal. Thus, even if we found that we had jurisdiction, the time and practical constraints are such that plaintiff's name could not be placed on the ballot in time for the general election, which is only a few days away.

¶ 41    However, we conclude, for the reasons discussed below, that we lack jurisdiction.

¶ 42                                    I. Standard of Review

¶ 43    The question before us on appeal is whether plaintiff complied with section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2012)) in his method of service. Whether plaintiff's failure to comply with the Election Code deprived the circuit court, and this court, of subject matter jurisdiction is a legal question that we review *de novo*. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 12.

¶ 44                                    II. The Governing Statute

¶ 45    "Circuit courts may exercise jurisdiction over election cases only as provided by statute." *Bettis*, 2014 IL 117050, ¶ 14. Recently, our supreme court specifically discussed section 10-10.1 of the Election Code and held: "When a court exercises special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it, and the court has no powers from any other source." *Bettis*, 2014 IL 117050, ¶ 14.

¶ 46    The governing statutory section for this appeal is section 10-10.1(a) of the Election Code (10 ILCS 5/10-10.1(a) (West 2012)), and it states in full:

> "(a) Except as otherwise provided in this Section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held. The party seeking judicial review must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties to the proceeding *by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10*. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall file proof of service with the clerk of the court. No answer to the petition need be filed, but the electoral board shall cause the record of proceedings before the electoral board to be filed with the clerk of the court on or before the date of the hearing on the petition or as ordered by the court.
>
> The court shall set the matter for hearing to be held within 30 days after the filing of the petition and shall make its decision promptly after such hearing." (Emphasis added.) 10 ILCS 5/10-10.1(a) (West 2012).

¶ 47    Section 10-10 of the Election Code (10 ILCS 5/10-10 (West 2012)), which is mentioned in the quote above, governs the proceedings of the Electoral Board, not the service of the party seeking judicial review of the Electoral Board's decision.

¶ 48    Section 10-10.1(a) outlines four explicit prerequisites to establish subject matter jurisdiction. Specifically, the party seeking judicial review must: (1) "file a petition with the clerk of the court *** within 5 days" after the Board's service of its decision; (2) serve copies of the petition "upon the electoral board and other parties to the proceeding by registered or certified mail within 5 days" after the Board's service of its decision; (3) state in that petition

"why the decision of the board should be reversed"; and (4) "file proof of service with the clerk of the court." 10 ILCS 5/10-10.1(a) (West 2012).

¶ 49    In the instant appeal, the second and fourth requirements are at issue. If plaintiff failed to serve by registered or certified mail as required, then proof of an act not done is obviously not possible.

¶ 50                                    III. Strict Compliance

¶ 51    Although some appellate courts had previously held that substantial compliance was sufficient, our supreme court has recently held: "There is no question that strict compliance with section 10-10.1(a) is required." *Bettis*, 2014 IL 117050, ¶ 16. Thus, as long as the dictates of section 10-10.1(a) are clear and not confusing, they must be strictly observed. *Bettis*, 2014 IL 117050, ¶¶ 16, 22-23, 28. In the case at bar, plaintiff has not argued that there was anything confusing about section 10-10.1(a)'s requirement of "registered or certified mail." 10 ILCS 5/10-10.1(a) (West 2012).

¶ 52                        IV. No Service by Registered or Certified Mail

¶ 53    The record on appeal shows that plaintiff failed to serve a copy of his petition "upon the electoral board and other parties to the proceeding *by registered or certified mail within 5 days after service of the decision of the electoral board*," as section 10-10.1(a) requires. (Emphasis added.) 10 ILCS 5/10-10.1(a) (West 2012).

¶ 54    On January 8, 2015, three days after the Electoral Board's decision, plaintiff filed his petition seeking judicial review of the Electoral Board's decision. The petition was accompanied by two "Notice[s] of Motion." These notices contain sections entitled "Proof of Service." In the proof sections, plaintiff swore that he completed service by hand delivery and by dropping the petition in a particular mailbox with prepaid postage. There is no mention of registered or certified mail.

¶ 55    The first indication in the record that plaintiff utilized certified mail occurs on January 22, 2015, which is more than a week after the circuit court already dismissed the case for lack of jurisdiction. There are photocopies of certified mail receipts with payment transaction slips dated January 22, 2015.

¶ 56    Utilizing certified mail on January 22 is like closing the barn door when the horse is already a mile down the road. It is just too late. While "access to a place on the ballot is a substantial right not lightly to be denied," that concern does not undercut the strict compliance with section 10-10.1(a) (10 ILCS 5/10-10.1(a) (West 2012)) explicitly required by our supreme court. *Bettis*, 2014 IL 117050, ¶ 28. Plaintiff failed to send his petition for judicial review by registered or certified mail as required by statute and we, thus, lack jurisdiction to hear it.

¶ 57                                        CONCLUSION

¶ 58    For the foregoing reasons, we agree with the circuit court and dismiss this appeal for lack of jurisdiction.

¶ 59    Appeal dismissed.