2020 IL App (1st) 200201-U

FIRST DIVISION
February 21, 2020

No. 1-20-0201

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| MARCUS LEWIS, | ) | |
| | ) | Appeal from the |
| Petitioner-Appellant, | ) | Circuit Court of |
| | ) | Cook County |
| v. | ) | |
| | ) | 20 COEL 2 |
| THE ILLINOIS STATE BOARD OF ELECTIONS, | ) | |
| sitting as the duly constituted STATE OFFICERS | ) | Honorable |
| ELECTORAL BOARD, *et al.*, | ) | Alfred Paul, |
| | ) | Judge Presiding. |
| Respondents-Appellees. | ) | |

JUSTICE PIERCE delivered the judgment of the court.
Justices Connors and Walker concur in the judgment.

### ORDER

¶ 1    *Held*:   Statute did not require petitioner to file proof of service within five days of filing his petition for judicial review in order to confer subject-matter jurisdiction on the circuit court.

¶ 2    This is an expedited appeal from the dismissal for lack of subject matter jurisdiction related to a petition for judicial review of a decision of the Illinois State Board of Elections relative to the March 17, 2020, primary. Petitioner filed his appellate brief on February 13, 2020, and the

respondent candidate appellee filed her response brief on February 21, 2020. For the reasons that follow, we reverse the decision of the circuit court and remand for further proceedings on the petition.

¶ 3                                    BACKGROUND

¶ 4      Robin Kelly filed a nomination petition with the Cook County Clerk to appear on the Democratic Party primary ballot for representative in Congress for the State of Illinois Second Congressional District at the March 17, 2020, general primary. On December 9, 2019, Petitioner, Marcus Lewis, filed an objection to the nomination petition, seeking the removal of Kelly's name from the ballot.

¶ 5      In his objector's petition, Lewis alleged that Kelly's nomination petition was missing page 71, and as a result, pages 72-281 in the nomination petition were misnumbered. On this basis, Lewis argued that all signature pages subsequent to page 70 in the nomination petition should be stricken under section 10-4 of the Illinois Election Code (10 ILCS 5/10-4 (West 2018)), and that without these pages the nomination petition contained fewer than the required number of signatures.

¶ 6      Kelly filed a motion to dismiss the objection. Kelly stated that the applicable section of the Election Code was 10 ILCS 5/7-10(b) (West 2018). Under Section 7-10(b), Kelly was required to submit 1184 valid signatures, and Kelly's nomination petition contained over 2600. Kelly stated that even if page 71 was missing from the nomination petition, under *King v. Justice Party*, 284 Ill. App. 3d 886, 888 (1996), there was no legal basis to support Lewis's argument that one missing page required all subsequent misnumbered signature pages to be discarded.

¶ 7    A hearing was held on December 27, 2019. At the hearing, Lewis and Kelly presented evidence as to whether page 71 was missing from the nomination petition. The hearing officer subsequently released her written report and recommendation, stating that Lewis's objection should be found legally and factually insufficient. On January 9, 2020, over Lewis's objection, the Illinois State Board of Elections unanimously adopted the recommendation of the hearing officer, and the Board ruled that Kelly's name would be certified to the ballot. Also on January 9, the Board issued its written decision finding that Lewis's objector's petition failed to state a claim upon which Kelly's nominating petition could be invalidated and dismissing the objector's petition.

¶ 8    Lewis filed a petition for judicial review of the Board's decision in the circuit court on January 13, 2020. Kelly filed a motion to dismiss for lack of subject-matter jurisdiction on January 23, 2020. Kelly argued that Lewis failed to serve Kelly by certified or registered mail within five days of service of the Board's decision, and that Lewis failed to file proof of service with the court within five days of filing the petition for judicial review. Because the service requirement is mandatory, Kelly argued that the circuit court lacked subject-matter jurisdiction to review Lewis's claim under section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2018)). Lewis responded that the clerk's office failed to provide him with the proper paperwork to effect service on the date he filed his petition. Nevertheless, Lewis contended that he served the Board and Kelly via certified mail on January 14, 2020. Lewis attached the certified mail receipts to his response to show proof of service on Kelly and the Board. The certified mail receipts were file stamped on January 22, 2020. The circuit court granted Kelly's motion on January 31, 2020, ruling that it did

not have subject-matter jurisdiction due to Lewis's failure to file proof of service within the time period required by section 10-10.1.

¶ 9     Lewis filed a timely notice of appeal.

¶ 10                                    ANALYSIS

¶ 11    Lewis argues that the circuit court erred in granting the motion to dismiss because he complied with the jurisdictional requirements of section 10-10.1. We review the dismissal of a complaint for lack of subject matter jurisdiction *de novo*. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 12. We also review issues of statutory construction *de novo*. *Id.*

¶ 12    Section 10-10.1 sets forth four jurisdictional requirements for a party seeking judicial review of the Board's decision. The party seeking review "must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10 [of the Election Code]." 10 ILCS 5/10-10.1. The petition for judicial review must set forth the basis for reversing the Board's decision. *Id.* Finally, the party seeking judicial review "shall file proof of service with the clerk of court." *Id.* Strict compliance with the requirements of section 10-10.1 is necessary to confer subject matter jurisdiction on the reviewing court. *Bettis*, 2014 IL 117050, ¶ 16.

¶ 13    The issue before this court is whether Lewis was required to file proof of service with the clerk of court within five days of service of the Board's decision in order to confer subject-matter jurisdiction on the circuit court. We find that he was not. This court has held that the "plain language of section 10–10.1 requires *service* within five days of the Board's final order and the filing of a proof of service; it does not require that a proof of service be filed within the same five-

day period." (Emphasis in original.) *McDonald v. Cook County Officers Electoral Board*, 2018 IL App (1st) 180406, ¶ 30, *appeal denied*, 108 N.E.3d 866 (Ill. 2018). See also *Carlasare v. Will County Officers Electoral Board*, 2012 IL App (3d) 120699, ¶ 17 (holding that "although [section 10-10.1] requires that proof of service be filed, it does not require that the filing take place within five days."). When construing a statute, we give the language of the statute its plain and ordinary meaning. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 181 (2007). Although the statute should be construed as a whole (*id.*), courts may not add to the requirements listed in the statute. *Bettis*, 2014 IL 117050, ¶ 32. Because there is no time period referenced in section 10-10.1 for the filing of proof of service, we find that Lewis was not required to file proof of service within five days of the Board's decision in order to confer subject matter jurisdiction on the reviewing court.

¶ 14     In support of her claim that section 10-10.1 imposes a deadline for filing proof of service, Kelly cites to *Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 89 (2009), *overruled by Bettis v. Marsaglia*, 2014 IL 117050. In *Qualkinbush*, this court examined an earlier version of section 10-10.1. That version of the statute reads

> "The party seeking judicial review must file a petition with the clerk of the court within 10 days after the decision of the electoral board. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail and shall file proof of service with the clerk of the court. No answer to the petition need be filed, but any answer must be filed within 10 days after the filing of the petition." 10 ILCS 5/10-10.1 (West 2008).

¶ 15    The *Qualkinbush* court held that a petitioner's failure to file proof of service within 10 days after the filing the petition for judicial review supported a dismissal for lack of jurisdiction. *Id.* at 90. The court found that requiring parties to file proof of service within 10 days of filing the petition for judicial review would assist trial courts in quickly determining whether jurisdiction exists. *Id.* The court reasoned that the expedited nature of election cases supporting this holding. *Id.*

¶ 16    We decline to follow *Qualkinbush*. As this court stated in *McDonald*, the plain language of section 10-10.1 does not require that proof of service be filed within the five days after service of the Board's final order. *McDonald*, 2018 IL App (1st) 180406, ¶ 30. The statute does not impose any deadline for the filing of proof of service. Although a deadline for filing proof of service may be useful for courts in determining subject-matter jurisdiction in election cases, the legislature did not include any time limit in section 10-10.1. We will not impose a jurisdictional requirement not found in the statute.

¶ 17    Here, the Board issued its final order on January 9, 2020. The record shows that Lewis filed his petition for judicial review on January 13, 2020. Lewis's petition was timely because it was filed within five days after service of the Board's decision as required by statute. 10 ILCS 5/10-10.1. The record also contains a proof of service form signed by Lewis that states that he served Kelly by mail on January 14, 2020, and contains certified mail receipts with a post office stamp of January 14, 2020, that were sent to Kelly, the Board, and the Board members. Kelly does not contest the sufficiency of these certified mail receipts to show that the petitions were timely mailed in accordance with section 10-10.1. The record thus shows that Lewis served Kelly via certified mail within the five-day period required by section 10-10.1. As discussed above, Lewis

6

was not required to file his proof of service within a specified time period, and thus he complied with the requirements of section 10-10.1 when he filed his proof of service on January 22, 2020. Because the record reflects that Lewis complied with the service and filing requirements set forth in section 10-10.1, we find that the circuit court had subject matter jurisdiction over Lewis's petition for judicial review.

¶ 18                                CONCLUSION

¶ 19    For the foregoing reasons, the judgment of the circuit court dismissing Lewis's petition for judicial review is reversed. We remand this matter for a hearing on the merits of Lewis's petition.

¶ 20    Reversed and remanded.