2025 IL App (1st) 242534
Opinion filed: February 20, 2025

FIRST DISTRICT
FOURTH DIVISION

No. 1-24-2534

NICHELLE WILLIAMS,

    Petitioner-Appellant,

v.

THE MUNICIPAL OFFICERS ELECTORAL BOARD
FOR THE VILLAGE OF HAZEL CREST, VERNARD L.
ALSBERRY, ISAAC WISEMAN, KEVIN MOORE,
and MARLON D. RIAS,

    Respondents-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Appeal from the
Circuit Court of
Cook County.

No. 24 COEL 20

Honorable
Araceli R. De La Cruz,
Judge, presiding.

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Justices Hoffman and Ocasio concurred in the judgment and opinion.

**OPINION**

¶ 1 Petitioner-appellant, Nichelle Williams, filed a petition for judicial review (petition) of the decision of respondent-appellee, the Municipal Officers Electoral Board for the Village of Hazel Crest (Board), pursuant to the recently amended section 10-10.1(a) of the Election Code (Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a))). Respondents-appellees, Marlon D. Rias, the objector, and the Board, along with its members, Vernard L. Alsberry, Isaac Wiseman, and Kevin Moore (collectively, members) filed motions to dismiss the petition, pursuant to section 2-619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(1) (West 2022)), arguing that the circuit court lacked subject matter jurisdiction because of petitioner's failure to comply with the procedural requirements of section 10-10.1(a). The circuit court granted the motions to dismiss. We affirm.

¶ 2 On October 28, 2024, petitioner filed nominations papers seeking the Democratic nomination for the office of trustee in the Village of Hazel Crest, Cook County, Illinois, in the

upcoming February 25, 2025, consolidated primary election. On November 4, 2024, Rias, filed an objection to petitioner's election papers, arguing that petitioner's name should be removed from the ballot because her nomination papers failed to contain the surname, "Redmond-Williams," in violation of section 7-10.2 of the Election Code. See 10 ILCS 5/7-10.2 (West 2022).

¶ 3 On November 8 and 21, 2024, the Board held a hearing on the objections to petitioner's nomination papers. The members of the Board were Alsberry, Wiseman, and Moore. On November 21, the Board issued and served its decision upon petitioner, sustaining the objections and found petitioner's nomination papers invalid.

¶ 4 Petitioner then filed, in the circuit court, the petition naming as respondents the Board, the members of the Board, and Rias, and a proof of service stating that she served the Board and Rias.

¶ 5 The Board, along with its members, and Rias filed separate section 2-619(a)(1) motions to dismiss (735 ILCS 5/2-619(a)(1) (West 2022)) arguing that the circuit court lacked subject matter jurisdiction where petitioner failed to file a proof of service with the clerk of the court showing service on the Board's individual members, in violation of section 10-10.1(a) of the Election Code (Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a))).

¶ 6 After briefing, on December 17, 2024, the circuit court entered an order dismissing the petition for lack of subject matter jurisdiction. Petitioner appealed.

¶ 7 On appeal, petitioner argues that the circuit court erred in dismissing the petition for lack of subject matter jurisdiction where she complied with section 10-10.1(a) by serving the members of the Board, through service on the Board itself.

¶ 8 A section 2-619 motion to dismiss admits as true all well-pleaded facts and all reasonable inferences and the legal sufficiency of the complaint but asserts an affirmative matter that defeats the claim. *Goral v. Dart*, 2020 IL 125085, ¶ 27. Section 2-619(a)(1) allows dismissal when the

circuit court "does not have jurisdiction of the subject matter of the action." 735 ILCS 5/2-619(a)(1) (West 2022). We review an order dismissing an action pursuant to section 2-619 *de novo*. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24.

¶ 9      "Subject-matter jurisdiction refers to a tribunal's power to hear and determine cases of the general class to which the proceeding in question belongs." *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 23. Under the Illinois Constitution of 1970, the circuit courts have original jurisdiction over all justiciable matters, with two general exceptions: (1) the circuit courts have only "such power to review administrative action as provided by law," and (2) our supreme court has exclusive and original jurisdiction over questions "relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office." Ill. Const. 1970, art. VI, § 9; *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 27.

¶ 10     Here, the petition sought judicial review of the Board's final administrative decision. As such, the circuit court had subject matter jurisdiction to review that decision only "as provided by law." Ill. Const. 1970, art. VI, § 9; *Pullen v. Mulligan*, 138 Ill. 2d 21, 32 (1990) ("Courts have no inherent power to hear election contests, but may do so only when authorized by statute ***."). The statutory authority for such judicial review is contained in section 10-10.1(a) of the Election Code. Public Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a)). Strict compliance with section 10-10.1(a) is required. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 16.

¶ 11     Whether petitioner complied with section 10-10.1(a) is an issue of statutory construction, which we review *de novo*. *Id.* ¶ 12. In *Bettis*, our supreme court set out the rules of statutory construction:

"When construing a statute, this court's primary objective is to ascertain and give effect to the intent of the legislature. [Citation.] The best indication of legislative intent is the language used in the statute, which must be given its plain and ordinary meaning. [Citation.] It is improper for a court to depart from the plain statutory language by reading into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent. [Citation.] Words and phrases should not be viewed in isolation, but should be considered in light of other relevant provisions of the statute. [Citation.] Further, each word, clause and sentence of a statute must be given a reasonable construction, if possible, and should not be rendered superfluous. [Citation.] This court presumes that the legislature did not intend absurdity, inconvenience, or injustice. [Citation.] Where statutory language is clear and unambiguous, it will be given effect without resort to other aids of construction. [Citation.] However, where the meaning of an enactment is unclear from the statutory language itself, the court may look beyond the language employed and consider the purpose behind the law and the evils the law was designed to remedy." *Id.* ¶ 13.

¶ 12    Section 10-10.1(a), which was recently amended in July 2024, in relevant part, provides:

"(a) Except as otherwise provided in this Section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held. The party seeking judicial review must file, within 5 days after service of the decision of the electoral board as provided in Section 10-10, a petition with the clerk of the court that names as respondents the electoral board, its members, and the prevailing candidates or objectors in the initial proceeding before the board. The party seeking judicial review must serve a copy of the petition upon each of the respondents named in the petition for judicial review by

registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall file proof of service with the clerk of the court within 5 days after service of the decision of the electoral board as provided in Section 10-10. No answer to the petition need be filed, but the electoral board shall cause the record of proceedings before the electoral board to be filed with the clerk of the court on or before the date of the hearing on the petition or as ordered by the court." Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a)).

¶ 13 As set forth in section 10-10.1(a), a party contesting a decision of an electoral board must meet four requirements: (1) "file, within 5 days after service of the decision \*\*\*, a petition with the clerk of the court that names as respondents the electoral board, its members, and the prevailing candidates or objectors in the initial proceeding before the board"; (2) "serve a copy of the petition upon each of the respondents named in the petition for judicial review by registered or certified mail within 5 days after service of the decision of the electoral board"; (3) state in that petition "why the decision of the board should be reversed"; and (4) "file proof of service with the clerk of the court within 5 days after service of the decision of the electoral board." *Id.* See *Bey v. Brown*, 2015 IL App (1st) 150263, ¶ 48 (citing a prior version of section 10-10.1(a) (10 ILCS 5/10-10.1(a) (West 2012))).

¶ 14 Here, only the statutory language relating to service (the second requirement) is at issue. The plain and ordinary language of section 10-10.1(a) required petitioner to serve copies of the petition "upon *each* of the respondents named in the petition for judicial review" (emphasis added). Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a)). Section 10-10.1(a), in the preceding sentence, defined the respondents that were to be named in the petition as "the electoral

board, its members, and the prevailing candidates or objectors." *Id.* Reading the statutory language together, we conclude that petitioner was required to both name and serve each of the respondents, the Board, its members (Alsberry, Wiseman, and Moore), and the objector (Rias).

¶ 15    Petitioner did serve the Board and Rias but not each of the members. She argues that her service on the Board also effectuated service on its individual members and was sufficient to meet the requirement that "each" respondent be served. Petitioner's asserted interpretation of the service requirement disregards the term "each."

¶ 16    Because the statute does not define "each," we may look to the dictionary meaning of the word. *In re Ryan B.*, 212 Ill. 2d 226, 232 (2004); *People v. Ward*, 215 Ill. 2d 317, 325 (2005). "Each" is an adjective indicating that it is "one of two or more distinct individuals having a similar relation and often construing an aggregate." Merriam-Webster Online Dictionary, http://merriam-webster.com/dictionary/each (last visited Feb. 13, 2025) [https://perma.cc/5LP4-ZTBT]. The word "each" has a limiting effect, indicating a limited reference to only one item in a list. *Ramirez v. Chicago Board of Election Commissioners*, 2020 IL App (1st) 200240, ¶ 32. In section 10-10.1(a) the legislature placed "each" before the term respondents and defined respondents by listing the necessary parties as the Board, the members of the Board, and the objector. The legislature demonstrated a clear intent that respondents were to be served as distinct individuals, not as a collective whole.

¶ 17    Petitioner, citing *Bettis*, 2014 IL 117050, and *Solomon v. Ramsey*, 2015 IL App (1st) 140339-B, argues that service on the Board effectuated service on those individuals who compromise the Board. We disagree that these cases require such a reading of the amended version of section 10-10.1(a).

¶ 18    Both *Bettis* and *Solomon* interpreted a prior version of section 10-10.1(a), which, in relevant part, provided:

> "(a) Except as otherwise provided in this Section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held. The party seeking judicial review must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall file proof of service with the clerk of the court. No answer to the petition need be filed, but the electoral board shall cause the record of proceedings before the electoral board to be filed with the clerk of the court on or before the date of the hearing on the petition or as ordered by the court." 10 ILCS 5/10-10.1(a) (West 2012).

This statutory language did not specifically state that a petitioner was required to serve "each of the respondents," namely "the electoral board, its members, and the prevailing candidates or objectors," but rather "the electoral board and other parties." The prior version of section 10-10.1(a) did not define or list "other parties."

¶ 19    In *Bettis*, the supreme court, after a split over the meaning of the prior version of section 10-10.1(a) had developed in the appellate court, was tasked with interpreting the prior language relating to the second requirement. 2014 IL 117050, ¶ 23. More specifically, the issue was whether the petitioner complied with section 10-10.1(a) where she served a copy of her petition on all three

members of the board, but not the board itself. *Id.* ¶ 24. The supreme court found that the service requirement of section 10-10.1(a) was ambiguous and that

> "[o]ne could certainly read the statute and conclude, *** that service on the board and each member of the board is required. However, we believe that someone could just as easily reach the *** conclusion *** that service on every member of the board necessarily accomplishes service on the board." *Id.*

The supreme court found that the latter was the better interpretation and explained that service on the board and its members would be duplicative and that it would be "hesitant to endorse this redundant requirement unless the statute clearly required it." *Id.* ¶ 25. The supreme court further explained that "[i]f the legislature intends any other prerequisites for the exercise of jurisdiction over petitions for review of electoral board decisions, it is up to the legislature to set them forth." *Id.* ¶ 32.

¶ 20    In *Solomon*, this court was presented with a scenario, similar to this case, which was "converse" to that in *Bettis*. *Solomon*, 2015 IL App (1st) 140339-B. The petitioner had served the board but not the individual members. *Id.* ¶ 11. Relying on *Bettis*, the *Solomon* court concluded that section 10-10.1(a)'s requirement that the individual members of an electoral board be served is met when service is properly effectuated upon the board itself. *Id.* ¶ 19.

¶ 21    Although *Bettis* and *Solomon* interpreted section 10-10.1(a) prior to the most recent amendment, which controls here, plaintiff argues that the new language of section 10-10.1(a) complements *Bettis* and *Solomon* and does not override the underlying basis of those decisions that duplicative service is contrary to the well-established public policy of ballot access.

¶ 22    However, our supreme court in *Bettis*, in explaining it was hesitant to endorse duplicative service where there was ambiguity in the statutory language, expressly stated that it would do so where "the statute clearly required it." *Bettis*, 2014 IL 117050, ¶ 25. The General Assembly, in amending section 10-10.1(a), did just as suggested by *Bettis* and set clear prerequisites for the exercise of jurisdiction over petitions for review of electoral board decisions. See *Bruso v. Alexian Brothers Hospital*, 178 Ill. 2d 445, 458 (1997) ("[I]n amending a statute, the legislature is presumed to have been aware of judicial decisions interpreting the statute and to have acted with this knowledge."). In amending section 10-10.1(a), the legislature first listed distinct parties who must be named as respondents in a petition for judicial review and then purposefully stated that "each of the respondents named in the petition" must be served. Through plain language, the legislature clarified the ambiguity in the prior version of section 10-10.1(a).

¶ 23    Therefore, the failure to serve the individual members of the Board deprived the circuit court of subject matter jurisdiction and, consequently, we affirm the dismissal of the petition. See *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶¶ 1, 56 (where the supreme court in affirming the circuit court's dismissal of a petition for lack of subject matter jurisdiction implicitly recognized that a reviewing court has authority to determine whether the lower court had jurisdiction).

¶ 24    Affirmed.

***Williams v. Municipal Officers Electoral Board for Hazel Crest*, 2025 IL App (1st) 242534**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 24-COEL-20; the Hon. Araceli R. De La Cruz, Judge, presiding. |
| **Attorneys for Appellant:** | McStephen O.A. Solomon, of Hazel Crest, for appellant. |
| **Attorneys for Appellee:** | Burton S. Odelson and Priscilla E. Centeno, of Odelson, Murphey, Frazier, & McGrath, Ltd., of Evergreen Park, for appellees Municipal Officers Electoral Board for the Village of Hazel Crest, Vernard L. Alsberry, Isaac Wiseman, and Kevin Moore. <br><br> Steven M. Laduzinsky and Ryley King, of Laduzinsky & Associates, P.C., of Chicago, for other appellee. |