2026 IL App (1st) 260020-U

No. 1-26-0020

Order filed February 24, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MARY "MAY" LARRY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25 COEL 0019 |
| | ) | |
| TERESA McKELVY, | ) | Honorable |
| | ) | Mary S. Trew, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Martin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court lacked subject matter jurisdiction to review petitioner's petition for judicial review of the decision of the county officers electoral board because petitioner failed to strictly comply with the statutory requirements to name necessary parties as respondents and timely file a proof of service.

¶ 2    Petitioner Mary "May" Larry sought judicial review of the decision of the Cook County Officers Electoral Board (electoral board), which had ruled that her name would not appear on the ballot for the office she sought in the March 2026 general primary election because she failed to

obtain a sufficient amount of signatures on her nomination papers. The circuit court dismissed petitioner's petition for judicial review based on lack of subject matter jurisdiction.

¶ 3 On appeal, petitioner argues that the circuit court erroneously dismissed her petition for lack of subject matter jurisdiction because she strictly complied with all the statutory requirements for judicial review, including timely filing her petition, properly naming the required respondents, timely service by certified mail, and filing a proof of service.

¶ 4 For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 5 I. BACKGROUND

¶ 6 Petitioner filed nomination papers to appear on the ballot for the office of Proviso Township democratic committeeperson for the March 17, 2026, general primary election. Respondent Teresa McKelvy filed an objector's petition to petitioner's nomination papers. On December 10, 2025, the electoral board issued its decision finding that petitioner's nomination papers contained an insufficient number of signatures to appear on the ballot for the office she sought. The decision sustained respondent's objector's petition and ordered that petitioner's name not appear on the ballot for the office of Proviso Township democratic committeeperson at the March 17, 2026, general primary election.

¶ 7 Petitioner, within the required five days, filed on December 15, 2025, a *pro se* document styled as "Notice of Appeal Precedent for Ballot Placement" with the clerk of the court. The circuit court regarded this filing as a petition for judicial review. On December 18, 2025, respondent filed

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

a motion to dismiss the petition for judicial review. Thereafter, petitioner filed a response to the motion to dismiss, and respondent filed a reply.

¶ 8     On January 6, 2026, the circuit court granted respondent's motion to dismiss, finding that petitioner failed to strictly comply with the statutory provision requiring her to name as respondents in her petition the electoral board and its members within five days after service of the electoral board's decision. Accordingly, the court found that it lacked subject matter jurisdiction to hear petitioner's petition for judicial review and ruled that the decision of the electoral board will stand.

¶ 9     On January 9, 2026, petitioner timely appealed the circuit court's decision. In the caption of her notice of appeal, petitioner named as respondents—in addition to McKelvy—the electoral board, its three members, and a designee of the electoral board's chairperson. These newly named respondents filed an emergency motion to dismiss the appeal as to them, which this court granted on February 13, 2026.

¶ 10                                    II. ANALYSIS

¶ 11     On appeal, petitioner argues that the circuit court erred in dismissing her petition based on a lack of subject matter jurisdiction because she complied with section 10-10.1(a) of the Election Code (Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a))).

¶ 12     Section 2-619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(1) (West 2024)) allows dismissal when the circuit court "does not have jurisdiction of the subject matter of the action." We review an order dismissing an action pursuant to section 2-619 *de novo*. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24.

¶ 13 Circuit courts may exercise jurisdiction over election cases only as provided by statute. *Pullen v. Mulligan*, 138 Ill. 2d 21, 32 (1990); Ill. Const. 1970, art. VI, § 9 ("Circuit Courts shall have such power to review administrative action as provided by law."). When a court exercises special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it, and the court has no powers from any other source. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985). In the exercise of special statutory jurisdiction, if the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court. *Id.*

¶ 14 The statutory authority for judicial review of the electoral board's final administrative decision is contained in section 10-10.1(a) of the Election Code. Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a)). Strict compliance with section 10-10.1(a) is required. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 16. Whether petitioner complied with section 10-10.1(a) is an issue of statutory construction, which we review *de novo*. *Id.* ¶ 12. In *Bettis*, our supreme court set out the rules of statutory construction:

"When construing a statute, this court's primary objective is to ascertain and give effect to the intent of the legislature. [Citation.] The best indication of legislative intent is the language used in the statute, which must be given its plain and ordinary meaning. [Citation.] It is improper for a court to depart from the plain statutory language by reading into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent. [Citation.] Words and phrases should not be viewed in isolation, but should be considered in light of other relevant provisions of the statute. [Citation.] Further, each word, clause and sentence of a statute must be given a reasonable construction, if

possible, and should not be rendered superfluous. [Citation.] This court presumes that the legislature did not intend absurdity, inconvenience, or injustice. [Citation.] Where statutory language is clear and unambiguous, it will be given effect without resort to other aids of construction. [Citation.] However, where the meaning of an enactment is unclear from the statutory language itself, the court may look beyond the language employed and consider the purpose behind the law and the evils the law was designed to remedy." *Id.* ¶ 13.

¶ 15    Section 10-10.1(a), which was recently amended in July 2024, provides, in relevant part:

"(a) Except as otherwise provided in this Section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held. The party seeking judicial review must file, within 5 days after service of the decision of the electoral board as provided in Section 10-10, a petition with the clerk of the court that names as respondents the electoral board, its members, and the prevailing candidates or objectors in the initial proceeding before the board. The party seeking judicial review must serve a copy of the petition upon each of the respondents named in the petition for judicial review by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall file proof of service with the clerk of the court within 5 days after service of the decision of the electoral board as provided in Section 10-10. No answer to the petition need be filed, but the electoral board shall cause the record of proceedings before the electoral board to be filed with the

clerk of the court on or before the date of the hearing on the petition or as ordered by the court." Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a)).

"As set forth in section 10-10.1(a), a party contesting a decision of an electoral board must meet four requirements: (1) 'file, within 5 days after service of the decision *** , a petition with the clerk of the court that names as respondents the electoral board, its members, and the prevailing candidates or objectors in the initial proceeding before the board'; (2) 'serve a copy of the petition upon each of the respondents named in the petition for judicial review by registered or certified mail within 5 days after service of the decision of the electoral board'; (3) state in that petition 'why the decision of the board should be reversed'; and (4) 'file proof of service with the clerk of the court within 5 days after service of the decision of the electoral board.' " *Williams v. Municipal Officers Electoral Board for Village of Hazel Crest*, 2025 IL App (1st) 242534, ¶ 13.

¶ 16 Here, the statutory language relating to naming necessary parties (the first requirement) and timely filing proof of service (the fourth requirement) are at issue. The plain and ordinary language of section 10-10.1(a) required petitioner to "file *** a petition *** *that names as respondents the electoral board, its members*, and the *** objectors." (Emphasis added.) Pub. Act 103-600 (eff. July 1, 2024) (amending 10 ILCS 5/10-10.1(a)). Clearly, the statute required petitioner to name the electoral board and its three individual members as respondents in her petition, in addition to the objector (McKelvy). Petitioner's petition, however, only named McKelvy as a respondent. Furthermore, although the record indicates that petitioner did timely serve her petition on the electoral board and its members (in addition to McKelvy) by certified mail on December 15, 2025, petitioner failed to meet the fourth requirement regarding timely proof

of service. Specifically, the record shows that she did not file the requisite proof of her service of her petition by certified mail on the electoral board and its members with the clerk of the court until December 16, 2025, which was one day after the deadline. These dictates of section 10-10.1(a) regarding naming necessary respondents in the petition and timely filing proof of service are clear and not confusing, and thus must be strictly observed. See *Bettis*, 2014 IL 117050, ¶¶ 16, 22-23, 28.

¶ 17   We conclude that petitioner's failure to (1) name the electoral board and its members as respondents in her petition, and (2) timely file with the clerk of the court the requisite proof of service of her petition by certified mail on the electoral board and its members deprived the circuit court of subject matter jurisdiction. Consequently, we affirm the circuit court's dismissal of petitioner's petition.

¶ 18                                   III. CONCLUSION

¶ 19   For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 20   Affirmed.