2026 IL App (1st) 260170

No. 1-26-0170

Opinion filed March 26, 2026

Fourth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| KELLY KING, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| THE ILLINOIS STATE BOARD OF ELECTIONS; THE | ) | |
| ILLINOIS STATE BOARD OF ELECTIONS, Sitting as | ) | |
| an Illinois State Officers Electoral Board; CASANDRA B. | ) | |
| WATSON, LAURA K. DONAHUE, TONYA L. | ) | |
| GENOVESE, CATHERINE S. McCRORY, JENNIFER | ) | |
| M. BALLARD CROFT, CRISTINA D. CRAY, RICK S. | ) | No. 26 COEL 2 |
| TERVEN SR., AND JACK VRETT, Individually and as | ) | |
| Members of the Illinois State Electoral Board; THE | ) | |
| ILLINOIS STATE BOARD OF ELECTIONS' | ) | |
| EXECUTIVE DIRECTOR BERNADETTE M. | ) | |
| MATTHEWS; THE ILLINOIS STATE BOARD OF | ) | |
| ELECTIONS' GENERAL COUNSEL MARNI | ) | |
| MALOWITZ; HEARING OFFICER DAVID A. | ) | |
| HERMAN; and CHRISTIAN MAXWELL, Candidate, | ) | Honorable |
| | ) | Catherine A. Schneider, |
| Respondents-Appellees. | ) | Judge Presiding |

_____

PRESIDING JUSTICE NAVARRO delivered the judgment of the court, with opinion.
Justices Ocasio and Quish concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioner, Kelly King, filed an objection to the nomination papers of Christian Maxwell, a Republican Party candidate to the office of representative in the United States Congress for the First Congressional District in the State of Illinois for the March 17, 2026, general primary election. The Illinois State Board of Elections (Board), sitting as the State Officers Electoral Board, dismissed the objection and certified Maxwell as a candidate. King subsequently filed a petition for judicial review in the circuit court. The Board, along with its members—Casandra B. Watson, Laura K. Donahue, Tonya L. Genovese, Catherine S. McCrory, Jennifer M. Ballard Croft, Cristina D. Cray, Rick S. Terven Sr., and Jack Vrett (collectively, members)—filed a joint motion to dismiss. Maxwell also filed a motion to dismiss. The circuit court granted their motions and dismissed King's petition for a lack of subject matter jurisdiction, in part, because she failed to provide a proof of service that complied with Illinois Supreme Court Rule 12(b)(5) (eff. July 1, 2017), and thus, she failed to strictly comply with section 10-10.1(a) of the Election Code (10 ILCS 5/10-10.1(a) (West 2024)).

¶ 2    King now appeals, raising several arguments as to why the circuit court and Board's decisions should be reversed. We agree with the circuit court that King's failure to provide a proof of service that complied with Rule 12(b)(5) resulted in her petition for judicial review not being in strict compliance with section 10-10.1(a) of the Election Code and, therefore, deprived the court of subject matter jurisdiction. Accordingly, we affirm its dismissal of King's petition.

¶ 3                                    I. BACKGROUND

¶ 4    In October 2025, Maxwell filed her nomination papers for the office of representative in the United States Congress for the First Congressional District in the State of Illinois, intending to

run in the March 17, 2026, general primary election as a Republican Party candidate. Using the standard forms issued by the Board, Maxwell filed a statement of candidacy and 107 petition for nomination sheets containing approximately 775 signatures of registered voters in the district. King filed an objection to Maxwell's nomination papers with the Board, challenging multiple sheets due to alleged issues in the circulator's affidavit and the notary's scilicet, the location to identify the state and county of notarization. After Maxwell filed a motion to dismiss King's objection, David A. Herman, a hearing officer appointed by the Board, recommended that Maxwell's motion be granted. On January 8, 2026, the Board issued a decision, adopting the hearing officer's recommendation and granting Maxwell's motion to dismiss. The Board accordingly certified Maxwell for the March 17, 2026, ballot.

¶ 5 Also on January 8, 2026, King filed a *pro se* petition for judicial review of the Board's decision and named as respondents: the Board, the Board sitting as an Illinois State Officers Electoral Board, the eight members of the Board, Bernadette M. Matthews, the Board's executive director, Marni Malowitz, the Board's general counsel, Herman, and Maxwell. That same day, King filed a "Certificate of Service" stating: "This hereby certifies that a true and correct copy of the foregoing PETITION FOR JUDICIAL REVIEW was served on all Respondents by CERTIFIED/REGISTERED U.S. MAIL." King then listed the respondents served as the eight members of the Board, and Matthews, Malowitz, Herman, and Maxwell.

¶ 6 The following day, King filed a notice of filing indicating that she filed with the clerk of the circuit court certified mail receipts showing her service on the 12 individuals the previous day along with a receipt from the United States Postal Service, which detailed the time and place of delivery of the petition for judicial review to the postal service as well as the proper postage being

paid. In conjunction with the notice of filing, King filed a second "Certificate of Service" stating: "This hereby certifies that a true and correct copy of the foregoing PETITIONER'S SHOWING THIS COURT, ATTACHED RECEIPTS OF CERTIFIED MAILING TO RESPONDENTS WAS DONE was served on Respondents by HAND DELIVERY AND/OR U.S. MAIL on January 9th, 2026 respectively as shown below." King then listed Malowitz as having been served by hand delivery and Maxwell as having been served by U.S. mail.

¶ 7    In response, Maxwell and the Board, along with its members, filed motions to dismiss pursuant to section 2-619(a)(1) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(1) (West 2024)), arguing that the circuit court lacked subject matter jurisdiction because King's certificates of service failed to demonstrate that she served the Board as a legal entity. Maxwell also argued that King's certificates of service, which she intended to act as her proof of service, did not comply with Illinois Supreme Court Rule 12 (eff. July 1, 2017). In addition, Maxwell brought a motion to dismiss under section 2-615 of the Code (735 ILCS 5/2-615 (West 2024)), arguing that Matthews, Malowitz, and Herman should be dismissed as misjoined parties because they were not respondents under the Election Code.

¶ 8    On January 29, 2026, the circuit court dismissed King's petition for judicial review with prejudice for two reasons. First, the court found it lacked subject matter jurisdiction because King failed to serve the Board as a legal entity. Although the court acknowledged that King served the members of the Board and Malowitz, the Board's general counsel, it found that such service was insufficient to constitute service on the Board itself. Second, the court found it lacked subject matter jurisdiction because King's certificates of service, which were intended to act as her proof of service, did not comply with Illinois Supreme Court Rule 12(b)(5) (eff. July 1, 2017). Given

that it lacked jurisdiction, the court declined to rule on other pending matters in the case, including Maxwell's section 2-615 motion to dismiss and a motion filed by King to disqualify Maxwell for "doxxing" her online.

¶ 9    This appeal follows.

¶ 10                                    II. ANALYSIS

¶ 11    King contends that the circuit court erred in dismissing her petition for judicial review because she strictly complied with section 10-10.1(a) of the Election Code (10 ILCS 5/10-10.1(a) (West 2024)). Specifically, King argues that, while service on Malowitz, the Board's general counsel, may have been insufficient to constitute service on the Board, the court ignored that she also served Matthews, the Board's executive director, which King posits was sufficient to constitute service on the Board itself. In turn, according to King, she strictly complied with section 10-10.1(a), thereby conferring subject matter jurisdiction on the court to review her petition for judicial review.

¶ 12    As noted, the circuit court granted the motions to dismiss of Maxwell, the Board, and its members pursuant to section 2-619(a)(1) of the Code (735 ILCS 5/2-619(a)(1) (West 2024)). A motion to dismiss under section 2-619 admits the legal sufficiency of the petition but asserts that certain external defects or defenses defeat the claims therein. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. One such defect is that the circuit court lacks subject matter jurisdiction. 735 ILCS 5/2-619(a)(1) (West 2024). When analyzing such a motion, the court accepts all of the petition's well-pled allegations as true. *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶ 17. We review a dismissal under section 2-619 *de novo*, and we also review whether a petitioner has complied with section 10-10.1(a) of the Election Code *de novo*. *Id.*

¶ 13    Electoral boards are administrative agencies, and in turn, they issue administrative decisions. *Id.* ¶ 38. Generally, in administrative review, we review the decision of the administrative agency, not that of the circuit court. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531 (2006). However, when the circuit court lacks subject matter jurisdiction over a petition for judicial review, the threshold issue for this court is the jurisdictional question. See *Williams v. Municipal Officers Electoral Board for Hazel Crest*, 2025 IL App (1st) 242534, ¶ 23. "Illinois courts are courts of general jurisdiction and enjoy a presumption of subject-matter jurisdiction." *Ameren Transmission Co. of Illinois v. Hutchings*, 2018 IL 122973, ¶ 13. "That presumption is inapplicable, however, where administrative proceedings are involved." *Id.* As opposed to other decisions that can be reviewed as of right (see Ill. Const. 1970, art. VI, § 6), "there is no constitutional right to appeal administrative decisions." *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 29 (2000). Instead, the Illinois Constitution provides that the appellate court and circuit court have the power to review administrative decisions "as provided by law." Ill. Const. 1970, art. VI, §§ 6, 9 (appellate court and circuit court, respectively). As a result, an administrative review action invokes "special statutory jurisdiction." *Ameren Transmission*, 2018 IL 122973, ¶ 13. Such jurisdiction is limited to its enabling legislation, and "[a] court has no powers from any other source." *Id.* To this end, "[a] party seeking to invoke a court's special statutory jurisdiction must *** comply strictly with the procedures prescribed by the statute." *Id.* If strict compliance is not met, "no jurisdiction is conferred on the court." *Id.*

¶ 14    In order to confer subject matter jurisdiction on the circuit court through a petition for judicial review of an electoral board decision, the petitioner must meet four jurisdictional requirements. *Williams*, 2025 IL App (1st) 242534, ¶ 13 (citing Pub. Act 103-600 (eff. July 1,

2024) (amending 10 ILCS 5/10-10.1(a))). The first three, which must be performed within five days after being served with the electoral board's decision, require (1) filing a petition for judicial review with the clerk of the court naming the electoral board, its members, and the prevailing candidates or objectors as respondents; (2) serving a copy of the petition on each of the respondents by registered or certified mail; and (3) filing a "proof of service" with the clerk of the court. 10 ILCS 5/10-10.1(a) (West 2024). The fourth requirement is that the petitioner petition's contain "a brief statement of the reasons" as to why the electoral board's decision should be reversed. *Id.* Because a party seeking judicial review of an electoral board decision invokes the circuit court's special statutory jurisdiction (see *Ameren Transmission*, 2018 IL 122973, ¶ 13), strict compliance with section 10-10.1(a) of the Election Code is required. *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 16.

¶ 15    In dismissing King's petition for judicial review, the circuit court found it lacked subject matter jurisdiction over her petition because she failed to strictly comply with two of the four prerequisites, namely failing to serve the Board and failing to file a proper proof of service. Although, on appeal, King is adamant that serving Matthews, the Board's executive director, constituted service on the Board itself, King ignores the proof-of-service jurisdictional issue. See 10 ILCS 5/10-10.1(a) (West 2024) (requiring the petitioner to "file proof of service with the clerk of the court within 5 days after service of the decision of the electoral board"). That proof of service must comply with Illinois Supreme Court Rule 12 (eff. July 1, 2017), which provides the procedure for filing a proof of service with the clerk of the court. See *Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 90 (2009) (noting that Rule 12 provides the procedure for filing the proof of service required by the Election Code), *abrogated on other grounds by Bettis*, 2014 IL 117050.

¶ 16    Under Rule 12(b)(5), applicable to King's proof of service because she effectuated service using certified mail, service is proved:

> "by certification under section 1-109 of the Code of Civil Procedure of the person who deposited the document in the mail or delivered the document to a third-party commercial carrier or courier, stating the time and place of mailing or delivery, the complete address that appeared on the envelope or package, and the fact that proper postage or the delivery charge was prepaid." Ill. S. Ct. R. 12(b)(5) (eff. July 1, 2017).

In turn, section 1-109 of the Code (735 ILCS 5/1-109 (West 2024)) requires that:

> "The person or persons having knowledge of the matters stated in a pleading, affidavit or other document certified in accordance with this Section shall subscribe to a certification in substantially the following form: Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true."

The "penalties" provided under section 1-109 are criminal in nature, specifically a Class 3 felony. *Id.* The purpose of a compliant proof of service under Rule 12(b)(5) is "elementary." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 216 (2009). "If there is no proof of mailing on file, there is nothing in the record to establish the date the document was timely mailed ***." *Id.* While strict compliance with section 10-10.1(a) of the Election Code (10 ILCS

5/10-10.1(a) (West 2024)) is required (see *Bettis*, 2014 IL 117050, ¶ 16), substantial compliance with Rule 12(b)(5) is sufficient. *CitiMortgage, Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 39.

¶ 17    In the instant case, King's certificates of service, which she intended to act as her proof of service for purposes of section 10-10.1(a), suffer from at least two fatal flaws. First, nowhere did King provide a verification under the penalties provided for by section 1-109 of the Code, which is the "essence" of the section. *People v. Shunick*, 2024 IL 129244, ¶ 42 (construing Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017), the proof-of-service provision for a self-represented litigant residing in a correctional facility providing service by mail, which also requires a certification under section 1-109 of the Code). "[I]f a certification lacks language subjecting the filer to the penalties set forth in section 1-109, the certificate is not substantially in the form required by the section." *Id.* Because King's certificates failed to include any language subjecting herself to the penalties provided for in section 1-109 of the Code, they were not substantially in the form mandated by section 1-109 of the Code, and, in turn, her certificates failed to substantially comply with Rule 12(b)(5). *Id.* ¶ 46.

¶ 18    It is true that, as part of King's second "Certificate of Service," she included photocopies of the 12 certified mail receipts from the United States Postal Service. Along with the photocopies, King provided a receipt indicating when and where someone, potentially King herself but the debit card information on the receipt has been redacted to obscure the name of the cardholder, deposited certain documents in the mail and evidence that the proper postage for certified mail had been paid. Such documentation is strong evidence that someone, again potentially King, deposited the petition for judicial review in the mail along with the specific time and place of mailing, with the complete address appearing on the envelope, and the fact that proper postage was paid. See Ill. S.

Ct. R. 12(b)(5) (eff. July 1, 2017). But such evidence is not a substitute for the required section 1-109 verification by certification required by Rule 12(b)(5). See *Nelson*, 389 Ill. App. 3d at 90.

¶ 19    The second fatal flaw is that King's certificates did not verify that the statements made therein were true and correct. See 735 ILCS 5/1-109 (West 2024) (requiring certification "that the statements set forth in this instrument are true and correct"). While King used the "true and correct" language in both certificates, she did so in the context of certifying that she served "true and correct" copies of her petition for judicial review and certified mail receipts on the various respondents. But critically, King failed to certify that *the statements* set forth in her certificates were "true and correct." See *id.* "The purpose of section 1-109 is to provide a certification that 'may be used in the same manner and with the same force and effect as though subscribed and sworn to under oath,' as a substitute for a sworn affidavit." *Shunick*, 2024 IL 129244, ¶ 51 (quoting 735 ILCS 5/1-109 (West 2020)). Certifying that one has served " 'true and correct *copies*,' " instead of certifying that the statements were true and correct, "simply cannot accomplish that purpose." (Emphasis in original.) *Id.* Because King's certificates failed to verify that the statements therein were true and correct, they were not substantially in the form mandated by section 1-109 of the Code, and, in turn, her certificates failed to substantially comply with Rule 12(b)(5). See *id.* ¶ 52.

¶ 20    We acknowledge that King filed her petition for judicial review *pro se*, but "[p]roceeding *pro se* does not excuse [a] petitioner's failure to comply with [our supreme] court's rules" and does not entitle one "to more leniency." *Id.* ¶ 64. As King's certificates of service, intended to act as her proof of service, failed to substantially comply with Rule 12(b)(5), she failed to strictly comply with the proof-of-service jurisdictional requirement of section 10-10.1(a) of the Election Code (10

ILCS 5/10-10.1(a) (West 2024)). And because strict compliance with section 10-10.1(a) is required to confer subject matter jurisdiction on the circuit court (see *Bettis*, 2014 IL 117050, ¶ 16), King's failure to do so deprived the circuit court of jurisdiction. Consequently, regardless of whether the circuit court properly found it lacked jurisdiction based on King's failure to serve the Board, the court correctly dismissed her petition for judicial review.

¶ 21                                    III. CONCLUSION

¶ 22    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 23    Affirmed.

---

### *King v. Illinois State Board of Elections*, 2026 IL App (1st) 260170

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 26-COEL-2; the Hon. Catherine A. Schneider, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Kelly King, of Chicago, appellant *pro se*. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Frank H. Bieszczat, Assistant Attorney General, of counsel), for appellees Illinois State Board of Elections, Casandra B. Watson, Laura K. Donahue, Tonya L. Genovese, Catherine S. McCrory, Jennifer M. Ballard Croft, Cristina D. Cray, Rick S. Terven Sr., Jack Vrett, Bernadette M. Matthews, Marni Malowitz, and David A. Herman.<br><br>No brief filed for other appellee. |